IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRYSTAL R. VETTEL,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 8:19-CV-5<br>8:19-CV-6<br><br>MEMORANDUM AND ORDER |
| DAVID L. VETTEL,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | |

   These matters are before the Court on the government's objections to the Magistrate Judge's Findings and Recommendation recommending that the Court dismiss the petitions to quash and partially enforce the government's formal document requests (FDRs). The government objects to the recommendation that the enforcement only be partial. Although the objection is premised on information that wasn't available to the Magistrate Judge, that wasn't the government's fault—so, rather than remand the matter to the Magistrate Judge, the Court will sustain the objection and modify the Magistrate Judge's recommendation accordingly.

   Explaining that disposition requires examining the procedural history of these cases. They began when the petitioners, Crystal and David Vettel, asked

the Court, in petitions filed on January 7, 2019, to quash summons issued by the IRS demanding that the petitioners appear and produce certain documents. Filing 1.[1] Amended petitions filed on February 8 clarified that the petitions also sought to quash FDRs issued by the IRS seeking similar documents. Filing 8; *see* filing 1 at 28-32.

In response, on March 8, 2019, the government moved to dismiss the petitions to quash on jurisdictional grounds, and also moved the Court to enforce Items 1 and 4 of the FDRs. Filing 12. On March 28, 2019, the petitioners responded in support of their petitions to quash. Filing 15. Among other things, the petitioners argued that the documents sought by Item 1 of the FDRs were already in the government's possession or, alternatively, did not exist. Filing 15 at 3. The petitioners specifically represented that

> On this point, the Petitioner has filed a Freedom of Information Act (FOIA) Request, but the documents . . . have not been produced. The Petitioner has been advised by the IRS Disclosure Section that they are exempt from production. The Petitioner has appealed the matter. The appeal is presently pending with the IRS Disclosure Section.

Filing 15 at 3. The allegedly pending FOIA request was one basis for the petitioners' assertion that they had demonstrated "reasonable cause" for noncompliance with the FDR. Filing 15 at 10. In support of petitioner David Vettel's response, the Court was provided with copies of:

---

[1] The petitioners in these two cases are husband and wife, and the proceedings are substantially identical—so, for simplicity's sake, unless otherwise noted the Court will cite to the filings in case no. 8:19-cv-5.

- the petitioners' initial FOIA request dated October 9, 2017;
- an email response from the IRS investigator dated October 10, 2017, acknowledging receipt of the FOIA request;
- a letter from the IRS dated July 31, 2018, informing the petitioners that more time was needed to review their FOIA request;
- written responses to the FOIA request from the IRS dated October 10, 2018, providing some information but withholding other information as exempted from disclosure; and
- the petitioners' letter dated November 15, 2018, appealing the decision to withhold some of the requested documents.

Case no. 8:19-cv-6 filing 15-1 at 62-79.

The Magistrate Judge entered a Findings, Recommendation & Order (filing 19) on May 6, 2019, substantially agreeing with the government. As relevant, the Magistrate Judge recommended dismissing the petitions to quash for lack of jurisdiction, and granting the government's cross-motions to enforce the FDRs—with the exception of Item 1. Filing 19 at 23. Enforcement of Item 1, the Magistrate Judge recommended, should be stayed "pending resolution of Petitioners' FOIA appeal." Filing 19 at 23. On that point, the Magistrate Judge recommended that "the parties be permitted to continue to pursue their Appeal of the FOIA request[.]" Filing 19 at 21.

The next day, the petitioners' counsel emailed the government's counsel, congratulating him on the Magistrate Judge's ruling, and advising him that "after the Petitions were filed, the IRS denied the Appeal of the FOIA request. At this point, we do not plan on filing an action to contest the FOIA appeal." Filing 24-1 at 1. Thereafter, the government's counsel obtained a copy of the letter sent to the petitioners' counsel advising him that the appeal had been denied—on <u>February 14, 2019</u>. Filing 21-1; filing 21-2. So, the government

objects to the Magistrate Judge's recommendation to the extent that she recommended enforcement of Item 1 be stayed pending resolution of the FOIA appeal—because the FOIA appeal has, in fact, been resolved. Filing 20.

The petitioners have responded to the government's objection, but their response is not persuasive. They claim that their FOIA appeal has not been "resolved," because they can file an action in district court within the 6-year statute of limitations. Filing 22 at 1. The Court finds little merit to the contention that enforcement of the FDR should be stayed while the petitioners wait out a 6-year statute of limitations, particularly given that their own evidence indicates they do not intend to sue. *See* filing 24-1 at 1.

The petitioners also ask for a finding that they have substantially complied with Item 4 of the FDR with documents that were filed with the Court. Case no. 8:19-cv-6 filing 15-1; filing 18-1. It appears to the Court, however, that while these documents were filed with the Court, they were not previously provided to the IRS. *See* case no. 8:19-cv-6 filing 15 at 3 ¶18. The Court agrees with the Magistrate Judge that "it is the IRS's role, not the court's, to determine whether the additional bank statement records Petitioner has now provided sufficiently demonstrate full compliance with the information requested in Item 4." Filing 19.

Accordingly, the Court will adopt the Magistrate Judge's findings and recommendation in part, but will sustain the government's objections and grant the government's motions for enforcement in their entirety.

IT IS ORDERED:

1. The government's objections (case no. 8:19-cv-5 filing 20; case no. 8:19-cv-6 filing 20) are sustained.

2. The Magistrate Judge's findings and recommendations (case no. 8:19-cv-5 filing 19; case no. 8:19-cv-6 filing 19) are adopted in part.

3. The petitioners' petitions to quash (case no. 8:19-cv-5 filing 8; case no. 8:19-cv-6 filing 7) are dismissed.

4. The petitioners' requests for an order requiring the government to pay their fees, court costs, and mileage (case no. 8:19-cv-5 filing 8; case no. 8:19-cv-6 filing 7) are denied.

5. The government's motions to dismiss and partially enforce the formal document requests (case no. 8:19-cv-5 filing 12; case no. 8:19-cv-6 filing 11) are granted, except as to items already produced by the petitioners, and the petitioners are ordered to produce the documents.

6. These cases are closed.

Dated this 29th day of May, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge